ORIGINAL

FILED

01/02/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0708

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0708

TYREE KILO SELAGE,

Petitioner,

v.

PETE BLUDWORTH,
WARDEN,

Respondent.

O R D E R

FILED

JAN 0 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Tyree Kilo Selage has filed a Petition for Writ of Habeas Corpus, requesting his immediate release from prison, reduction of his sentence, or recalculation of his sentence as this Court directs. Selage asks who has "legal custody" of him and in relation to his release from incarceration. Selage "maintains that he would have a corrected discharge date of May 2029." He puts forth that he is sentenced under the wrong statute and that the Department of Corrections (DOC) and the Montana State Prison (MSP) "took it upon themselves to resentence [him] in DC-2016-19 making a 5 year [DOC] sentence into a 7 year sentence, therefore, exceeding the statutory maximum of 5 years [DOC]." Selage posits that he was sentenced under § 61-8-731, MCA, and that § 46-18-201, MCA, does not apply to him, only parolees. Selage includes several attachments, including copies of Offender/Staff Requests, Judgments, and sentence calculations.

This Court is familiar with Selage's underlying proceedings and sentences. Selage has three sentences from two different District Courts. He has sought habeas corpus relief previously with this Court for all three sentences. In 2022, Selage filed his first writ where he asserted that he was due additional credit for time served (Cause No. DC-2016-19), and the State conceded. *Selage v. Green*, No. OP 21-0558, Order (Mont. Jan. 18, 2022) (*Selage I*). We provided then:

> While on conditional release related to a prior offense in Missoula County, Selage was arrested for felony driving under the influence of alcohol (DUI) on February 28, 2016. At that time, he was also issued two citations—one for operating a motor vehicle without liability insurance in effect and one for driving while the privilege to do so is suspended or revoked. At his initial appearance, the Justice Court set bond at $10,000. Selage did not post the bond. On March 11, 2016, Selage was charged via Information with felony DUI, the two misdemeanors reflected in the prior citations, and an additional misdemeanor for obstructing a peace officer. The District Court maintained the $10,000 bond previously set. Selage never posted the bond, and the bond was never reduced or quashed. Pursuant to a Plea Agreement, Selage agreed to enter nolo contendere pleas to all charged offenses. At the plea change hearing on June 8, 2016, Selage pled guilty to the felony DUI and misdemeanor obstructing charges. On October 3, 2016, the Third Judicial District Court, Anaconda-Deer Lodge County, issued its Judgment convicting Selage of all charged offenses. The court sentenced him to a five-year term with the Department of Corrections (DOC) on the felony DUI, to run consecutively to a prior sentence [from Missoula County], and to a concurrent six-month sentence for the obstructing a peace officer offense.

*Selage I*, at 1-2 (footnote omitted). We remanded the matter for amendment of the judgment, based on our conclusion that Selage was "due credit for time served from his arrest on February 28, 2016, until his sentencing in open court on September 27, 2016 for his DUI offense in District Court, or 212 days." *Selage I*, at 3 (hereinafter Anaconda-Deer Lodge sentence).

On December 14, 2020, the Thirteenth Judicial District Court, Yellowstone County, sentenced Selage to MSP for felony DUI for a five-year term. On February 3, 2021, the Yellowstone County District Court sentenced Selage to MSP for a five-year term for felony DUI, to run consecutively to his prior sentence. *Selage v. Salmonsen*, No. OP 22-0138, Order (Mont. Mar. 29, 2022) (*Selage II*). At that time, Selage challenged his placement and sought treatment, which the Board of Pardons and Parole had denied. *Selage II*, at 2. We denied his writ. "This Court stated that "[w]e commend Selage for recognizing the importance and need for his treatment, but he will have to avail himself of the programs where he is housed." *Selage II*, at 3.

2

Selage sought habeas corpus relief with this Court about his sentences from the Yellowstone County District Court that the Sentence Review Division (SRD) had amended, but the District Court had not acted on the modifications. *Selage v. Bludworth*, No. OP 23-0510, Order (Mont. Oct. 17, 2023) (*Selage III*). On June 7, 2021, the SRD reviewed both sentences and found his sentences to be clearly excessive, thereby modifying Selage's sentences from a MSP sentence to a DOC sentence. *Selage III*, at 2. We explained: "The SRD changed the sentence, and pursuant to § 46-18-904(3), MCA, the court must re-sentence. While the court did not have to hold a second sentencing hearing in this situation, the District Court had a statutory duty at a minimum to amend its Judgments for Selage's cases, as ordered in the SRD's decision." *Selage III*, at 4. On October 26, 2023, the District Court issued amended judgments, pursuant to this Court's Order. *Selage III*, at 5.

Selage sought rehearing of this Court's Order in *Selage III*. *Selage v. Bludworth*, No. OP 23-0510, Order denying rehearing (Mont. Nov. 28, 2023) (*Selage IV*). Selage put forth that this Court overlooked several material facts and "that the District Court Judge did not sentence him under the correct statutory authority . . . ." *Selage IV*, at 1. We found the State's response dispositive—Selage received relief in his prior writs, and he cannot raise new arguments in a petition for rehearing. *Selage IV*, at 2. We denied his petition for rehearing.

This Court finds no merit in Selage's arguments in his instant Petition. Selage asserts that his Anaconda-Deer Lodge sentence is seven years. Selage is mistaken. Selage reaches this conclusion because the commencement date is December 21, 2018, and not September 27, 2016, the date of the sentencing hearing. We reviewed his most recent sentence calculation, dated June 8, 2023. The prison discharge date of his sentence from Missoula County was December 21, 2018, which is the sentence commencement date for his consecutive, five-year Anaconda-Deer Lodge sentence. His Anaconda-Deer Lodge sentence ran consecutively to his prior sentence from Missoula County. *Selage I*, at 1-2. Selage had to serve the tail or last two years of his sentence from Missoula County before he could begin serving his Anaconda-Deer Lodge sentence. Selage has not demonstrated

3

that his Anaconda-Deer Lodge sentence is more than a five-year term. Selage does not have a seven-year sentence in either of his sentence calculations.

Selage has a valid sentence. His most recent sentence calculation reveals that he has three, consecutive sentences of five-years each, and all have credit for time served applied to each. His discharge date for his last sentence is May 12, 2032, and not May 2029. Selage's arguments about Montana statutes is in error. His Yellowstone County District Court Judgments mention both statutes because § 61-8-731, MCA, works in tandem with § 46-18-201, MCA. *See* § 61-8-731(5), MCA (2019). Section 46-18-201, MCA, is the statutory authority for a district court to impose a sentence along with conditions, and this statute is for all offenders who have been sentenced, regardless of the DOC status as a parolee or probationer. Section 61-8-731(7), MCA (2019).

Selage raises claims that this Court has addressed previously. Selage received the 212 days for credit for time served. *Selage I* and *Selage II*. The Yellowstone County District Court imposed a lawful sentence. "We further point out that when sentencing, the District Court had to balance Selage's need for treatment with the risk to others' safety on Montana's roads. Section 46-18-101(2), MCA." *Selage II*, at 3. While at MSP, the Board has legal custody. "We point out that he is under the Board's jurisdiction while he is in prison. *McDermott v. McDonald*, 2001 MT 89, ¶¶ 18-19, 305 Mont. 166, 24 P.3d 200." *Selage II*, at 2. Selage's sentences from the Yellowstone County District Court have been modified. "The State explains that the Records Department has modified Selage's sentences from MSP to DOC and includes an affidavit from Michele McKinnon, the Records Bureau Chief." *Selage III*, at 2. "As to Selage's other issue about placement in treatment, this Court has no authority. The DOC has such authority for placement." *Selage III*, at 4. The Yellowstone County District Court has not sentenced Selage under the wrong statutes. *Selage IV*, at 1-2.

Selage has not demonstrated illegal incarceration or invalid sentences. Section 46-22-101(1), MCA. He is not entitled to his release, sentence reduction, or a sentence calculation. Selage is not entitled to habeas corpus relief.

Accordingly,

4

IT IS ORDERED that Selage's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Tyree Kilo Selage personally.

DATED this 2nd day of January, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices